IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| JANICE W. MARTIN | ) | Civ. No. 09-756-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security administration, | ) | |
| | ) | |
| Defendant. | ) | |

### BACKGROUND

On January 27, 2004, plaintiff filed for disability benefits and supplemental security income alleging her disability began November 2, 1998. [Tr. 12; 50-52]. Her claims were denied initially on May 5, 2004 and upon reconsideration on September 10, 2004. [Tr. 12; 415-27]. In a decision dated September 25, 2006, the Administrative Law Judge (ALJ) found plaintiff was not disabled. [Tr.12-21]. That decision became final upon the

Commissioner denying plaintiff's request for review on November 30, 2007. [Tr. 4-6].

On July 24, 2008, based on the parties' stipulation, plaintiff's case [USDC Case No. 087-1837-KI], was remanded by the court for: (1) re-evaluation of her medical record and determination of whether plaintiff has borderline intellectual functioning and a learning disorder, and whether they are severe at step two of the sequential evaluation process, (2) further consideration of the opinions of Carol Greenough, Ph.D., Leslie Pitchford, Ph.D., the State Agency psychologists, and Julie D. Spence, M.S.; (3) additional testimony of a medical expert if necessary; (4) consideration of the lay witness statements pursuant to SSR 06-3p, then further evaluation, in light of the expanded record, of plaintiff's credibility; (5) further evaluation of plaintiffs residual functional capacity (RFC) and (6) if necessary in light of the expanded record, supplemental vocational expert testimony to determine whether plaintiff can perform her past relevant work, or other work that exists in the national economy. [Tr. 415; 430-34].

A new hearing was held on April 22, 2009. [Tr. 415-27]. The ALJ subsequently determined that plaintiff was not disabled and denied an award of benefits. *Id.*

Pursuant to 42 U.S.C. §405(g) plaintiff now requests review of that decision alleging that: (1) she has greater limitations than assessed by the ALJ; (2) her impairment(s) meet the

requirements of the listing for mental retardation; (3) the ALJ's opinion is inconsistent with the examining psychologist's opinion and improperly rejects the limitations it contained, including that plaintiff should engage in "sheltered work;" (4) the ALJ improperly discounted plaintiff and her lay witnesses testimony and (5) the ALJ's Residual Functional Capacity (RFC) is not supported by substantial evidence. [#12-p.2].

Defendant responds that plaintiff failed to meet her burden to show that her impairments meet the listing criteria for mental retardation or that she was disabled. [#13]. Defendant also contends that the ALJ's assessment of the medical and testimonial evidence was proper and resulted in an appropriate RFC and decision. [#13-pp.2-3].

## DISCUSSION

Although plaintiff had worked after her alleged disability onset date, the ALJ found she did not have substantial gainful activity (SGA) for the entire time period from her alleged onset date, and thus, continued his disability analysis. [Tr. 417]. Based on the record and Dr. Hoch, Dr. Greenough, Dr. Arnold and Ms. Spencer's assessments of plaintiff, the ALJ found that plaintiff's severe anxiety and learning disability were severe impairments. [Tr. 418].

However, the ALJ found that plaintiff's depression was a non-severe impairment, noting that the record showed she had only a single depressive episode, that Dr. Arnold (plaintiff's

treating psychiatrist), opined that plaintiff was not severely depressed [Tr. 317], and that the record evidenced that her depression did not cause limitations having more than a minimal effect on her ability to perform basic work activities.  [Tr. 418].

The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [Tr. 419].  In so finding, the ALJ specifically noted that while plaintiff's basic reading, spelling and math skills had never progressed beyond the grade school level, she was able to follow directions, care for herself, function well in her activities of daily living and her IQ score's testing validity was questionable[1]. [Tr. 419].  He also discussed Dr. Greenborough's opinion noting the areas in which she and Dr. Pitchford agreed, including that both Dr. Pitchford and Dr. Greenough found plaintiff seemed more competent than her testing indicated[2]. [*Id.;* See also Tr.226; 232].

The ALJ is the final arbiter in resolving ambiguities in the medical evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)(the ALJ is responsible for determining credibility,

---

[1]    Dr. Pitchford reported that she believed that plaintiff's IQ scores were probably not representative of her best effort and opined that plaintiff's IQ was probably 10 points higher)than the test results - in other words, 81 rather than the tested 71.  [Tr. 232].

[2]    I note that Dr. Greenborough's testing indicated that plaintiff's performance IQ of 79 was very close to Dr. Pitchford's estimate of 81. [Tr. 228].

resolving conflicts in medical testimony and resolving ambiguities). In this instance, the ALJ met this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of it and making findings consistent with that evidence. [Tr. 219-20]; *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir 1989); see also *Tomasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ then after "careful consideration of the record," determined plaintiff's Residual Functional Capacity (RFC) as able to perform a full range of work at all exertional levels with the nonexertional limitations of having limited contact with the public, performing only simple tasks and being limited to reading, writing and math at a fourth grade level. [Tr. 420-25]. In doing so plaintiff complains, the ALJ overlooked Dr. Greenborough's suggested limitation of a sheltered work environment. [#12-pp. 17-18]. However, I find that this complaint is directly contradicted by the ALJ's specific detailed reasons for discounting that opinion including plaintiff having engaged in (and been promoted in), competitive work without such restrictions. [Tr. 424].

Plaintiff further contends that the ALJ's findings are inconsistent with the reviewing psychologists opinions. [Tr. 13]. The record however, directly contradicts this claim as well. The ALJ consistent with those expert opinions and supported by the record, found that plaintiff should have limited contact with the

public and perform only simple tasks which were additionally limited by her fourth grade reading writing and mathematical skills. [Tr. 420-25].

Similarly, plaintiff asserts that the ALJ erred in not properly crediting lay witness evidence. [#12-p.18-19] The ALJ however, specifically considered and discussed the testimony of both plaintiff's sister, Lois VanSoolen and plaintiff's friend Robin Moore, stating that he strongly considered their statements (which he found were consistent with plaintiff's own testimony regarding her limitations), and incorporated them in plaintiff's RFC. [Tr. 423].

Plaintiff's complaint that the ALJ improperly found her testimony not credible concerning the intensity, persistence and limiting effects of her impairments is refuted by the ALJ's enunciated findings which, are sufficiently specific to permit this court to conclude that he did not arbitrarily discredit plaintiff's testimony. [Tr. 421].

The ALJ must calculate the plaintiff's residual functional capacity (RFC) based on all relevant evidence in the record including medical records, and the effects of symptoms (including pain), that are reasonably attributed to a medically determined impairment. *Robbins v. Soc. Sec. Admin.*, 466F.3d 880, 883 (9th Cir 2006); 20 C.F.R. § 404.1545(a),(e). The ALJ need not however incorporate limitations identified through claimant testimony or medical opinions that the ALJ permissibly discounted. *Batson v.*

*Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir 2004).

An ALJ's findings will be upheld if supported by inferences reasonably drawn from the record even when the evidence is susceptible to more than one rational interpretation. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir 2004). I find that the limitations contained in the ALJ's RFC finding were supported by substantial evidence in the record and were accurately reflected in the hypothetical that he posed to the vocational expert (VE).

Similarly, the VE's testimony is consistent with the Dictionary of Occupational Titles (DOT) and indicates that plaintiff is capable of a successful adjustment to work that exists in substantial numbers in the national economy. [Tr. 426; 622-29]. Because the plaintiff is capable of work the ALJ appropriately found that she is not disabled and therefore is ineligible for an award of benefits. [Tr. 427].

Finally, my review of the complete record indicates that the ALJ has fully complied with the court's remand instructions. [USDC Case No. 087-1837-KI].

For the reasons detailed above I find the ALJ's decision that plaintiff was not disabled supported by substantial evidence in the record.

///

///

///

CONCLUSION

Based on the foregoing, the decision of the Commissioner is affirmed.  This action is dismissed.

IT IS SO ORDERED.

DATED this   2nd    day of July, 2010.


                                s/ Michael R. Hogan
                                United States District Judge